UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY, a Canadian Corporation : : Plaintiff, : : vs. : : VANTIX LOGISTICS, a subsidiary of : McLANE COMPANY, INC. and PEPSI : COLA CANADA BEVERAGES, : : Defendants. : | **FILED ELECTRONICALLY**<br><br>CASE NO. 07-cv-8226 (KMK)<br><br>CIVIL ACTION<br><br>**DEFENDANT'S RULE 26(a)(1) DISCLOSURES** |

Defendant VANTIX LOGISTICS, a subsidiary of MCLANE COMPANY INC. ("Vantix"), by and through its counsel, Baker & Hostetler LLP, disclose the following, pursuant to Fed.R.Civ.P. 26(a)(1), and subject to supplementation:

(1) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Response:

Defendant identifies the following individual who can be contacted through its counsel, Baker & Hostetler LLP:  Charles Bostick, Director of Transportation and Operations Management – Vantix Logistics.  Mr. Bostick possesses knowledge and information pertaining to the claims asserted by Plaintiff as well as knowledge of Vantix's business and operations in his capacity as Director of Transportation and Operations Management.

(2) A copy of, or a description by category and location, of all documents, data compilations, and tangible things that are in the possession, custody, or control of the disclosing party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Response:

The following documents, unless privileged or protected from disclosure, are in Defendant's possession and may be used to support their claims or defenses:

Transportation Management Services Agreement between Pepsi-Cola Company and Vantix, communications between Pepsi and Vantix terminating their Agreement, and e-mail communications between Vantix and Canadian National Railway from 2003, 2004 and 2005 regarding billing errors.

(3) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Response:

None.

(4) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Response:

None.

Dated: April 18, 2008
      New York, NY

By: *Essence Liburd*
Ona T. Wang (OW 5462)
Essence Liburd (EL 9097)
Baker & Hostetler LLP
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
(212) 589-4200
(212) 589-4201 (fax)
*Attorneys for Defendant Vantix Logistics, a subsidiary of McLane Company, Inc.*